UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLEN APPLESTEIN, et al., | Civil Action No. 02-CV-04124 (TPG) |
| Plaintiffs, | |
| -against- | |
| REPUBLIC OF ARGENTINA, | |
| Defendant. | |

[Caption continued on following page]

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT MOTION FOR TURNOVER ORDER AGAINST BANK OF NEW YORK MELLON**

DUANE MORRIS LLP
Anthony J. Costantini
Suzan Jo
Kevin P. Potere
1540 Broadway
New York, New York 10036
Telephone: 212-692-1000
Facsimile: 212-692-1020

*Attorneys for Plaintiffs*

| | |
|---|---|
| APPLESTEIN,<br><br>                     Plaintiff,<br>-against-<br>ARGENTINA REPUBLIC, et al.,<br><br>                     Defendants. | Civil Action No. 02-CV-01773 (TPG) |
| FRANCESCHI, et al.,<br><br>                     Plaintiffs,<br>-against-<br>REP. OF ARGENTINA,<br><br>                     Defendant. | Civil Action No. 03-CV-04693 (TPG) |
| MAZZINI, et al.,<br><br>                     Plaintiffs,<br>-against-<br>THE REPUBLIC OF ARGENTINA,<br><br>                     Defendant. | Civil Action No. 03-CV-08120 (TPG) |
| MORATA, et al.,<br><br>                     Plaintiffs,<br>-against-<br>THE REPUBLIC OF ARGENTINA,<br><br>                     Defendant. | Civil Action No. 04-CV-03314 (TPG) |
| MODES, et al.,<br><br>                     Plaintiffs,<br>-against-<br>THE REPUBLIC OF ARGENTINA, et al.<br><br>                     Defendants. | Civil Action No. 04-CV-06137 (TPG) |

| | |
|---|---|
| MARIA FAUSTA CILLI, et al.,<br><br>                    Plaintiffs,<br>-against-<br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendant. | Civil Action No. 04-CV-06594 (TPG) |
| ROSA, et al.,<br><br>                    Plaintiffs,<br>-against-<br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendant. | Civil Action No. 04-CV-07504 (TPG) |
| CONSOLINI, et al.,<br><br>                    Plaintiffs,<br>-against-<br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendant. | Civil Action No. 05-CV-00177 (TPG) |
| FERRI, et al.,<br><br>                    Plaintiffs,<br>-against-<br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendant. | Civil Action No. 05-CV-02943 (TPG) |
| RIGUEIRO, et al.,<br><br>                    Plaintiffs,<br>-against-<br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendant. | Civil Action No. 05-CV-03089 (TPG) |

| | |
|---|---|
| BETTONI, et al.,<br><br>　　　　　　　　Plaintiffs,<br>-against-<br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　　　　Defendant. | Civil Action No. 05-CV-04299 (TPG) |
| FEDECOSTANTE, et al.,<br><br>　　　　　　　　Plaintiffs,<br>-against-<br>REPUBLIC OF ARGENTINA,<br><br>　　　　　　　　Defendant. | Civil Action No. 05-CV-04466 (TPG) |
| LISI, et al.,<br><br>　　　　　　　　Plaintiffs,<br>-against-<br>REPUBLIC OF ARGENTINA,<br><br>　　　　　　　　Defendant. | Civil Action No. 05-CV-06002 (TPG) |
| ROSSINI, et al.,<br><br>　　　　　　　　Plaintiffs,<br>-against-<br>REPUBLIC OF ARGENTINA, et al.<br><br>　　　　　　　　Defendants. | Civil Action No. 05-CV-06200 (TPG) |
| KLEIN, et al.,<br><br>　　　　　　　　Plaintiffs,<br>-against-<br>REPUBLIC OF ARGENTINA,<br><br>　　　　　　　　Defendant. | Civil Action No. 05-CV-06599 (TPG) |

| | |
|---|---|
| LOVATI,<br><br>      Plaintiff,<br>-against-<br>REPUBLIC OF ARGENTINA,<br><br>      Defendant. | Civil Action No. 05-CV-08195 (TPG) |
| BOTTI, et al.,<br><br>      Plaintiffs,<br>-against-<br>THE REPUBLIC OF ARGENTINA, et al.,<br><br>      Defendants. | Civil Action No. 05-CV-08687 (TPG) |
| PASQUALI,<br><br>      Plaintiff,<br>-against-<br>REPUBLIC OF ARGENTINA,<br><br>      Defendant. | Civil Action No. 05-CV-10636 (TPG) |
| BEYER, et al.,<br><br>      Plaintiffs,<br>-against-<br>REPUBLIC OF ARGENTINA,<br><br>      Defendant. | Civil Action No. 07-CV-00098 (TPG) |
| BORGRA, et al.,<br><br>      Plaintiffs,<br>-against-<br>REPUBLIC OF ARGENTINA,<br><br>      Defendant. | Civil Action No. 07-CV-05807 (TPG) |

**TABLE OF CONTENTS**

Page

BACKGROUND ...................................................................................................................1

ARGUMENT .......................................................................................................................2

I.     THIS COURT HAS SUBJECT MATTER JURISDICTION.............................................2

II.    THIS COURT HAS PERSONAL JURISDICTION OVER BNY MELLON ....................3

III.   PLAINTIFFS ARE ENTITLED TO A TURNOVER ORDER .........................................4

CONCLUSION....................................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases**

*Aaron v. Mattikow,* 225 F.R.D. 407 (E.D.N.Y. 2004) ................................................................... 3

*Abuhamda v. Abuhamda*, 236 A.D.2d 290, 654 N.Y.S.2d 11 (1st Dep't 1997) .............................. 6

*Calton v. Pressler & Pressler, LLP*, 2011 WL 10901795 (S.D.N.Y. 2011) .................................. 5

*Cardew v. Gialanella*, 92 A.D.3d 1002, 937 N.Y.S.2d 709 (3d Dep't. 2012) ............................... 5

*City of New York v. Venkataram,* No. 06 Civ. 6578 (NRB), 2011 WL 2899092 (S.D.N.Y. July 13, 2011) ........................................................................................................................... 3

*Cordius Trust v. Kummerfeld,* No. 99 Civ. 3200 (DLC), 2009 WL 3416235 (S.D.N.Y. Oct. 23, 2009) ............................................................................................................................ 3

*Epperson v. Entm't Express, Inc.,* 242 F.3d 100 (2d Cir. 2001) .................................................... 3

*Grede v. Bank of New York Mellon*, 598 F.3d 899 (7th Cir. 2010) ................................................ 4

*Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 41 A.D.3d 25, 836 N.Y.S.2d 4 (1st Dep't 2007) ...................................................................................................................... 6

*JW Oilfield Equip., LLC v. Commerzbank, AG*, 764 F. Supp. 2d 587 (S.D.N.Y. 2011) ............. 3, 5

*Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 883 N.Y.S.2d 763, 911 N.E.2d 825 (N.Y. 2009) .................................................................................................................... 3, 5-6

*Koehler v. Bank of Bermuda Ltd.*, 544 F.3d 78 (2d Cir. 2008) ...................................................... 5

*Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120 (E.D.N.Y. 2010) .............................. 4-5

*S.E.C. v. Colonial Inv. Mngt. LLC,* No. 07 Civ. 8849, 2010 WL 4159276 (S.D.N.Y. Oct. 6, 2011) ................................................................................................................................... 5

*Samuels v. Samuels,* 473 N.Y.S.2d 436 (1st Dep't 1984) ............................................................... 5

**Statutes**

CPLR § 105 ..................................................................................................................................... 3

CPLR § 301 ..................................................................................................................................... 3

CPLR § 5225 ............................................................................................................................ Passim

**Other Authorities**

Fed. R. Civ. P. 4 ...................................................................................................................................3

Fed. R. Civ. P. 69 ........................................................................................................................ 1, 3-6

Certain plaintiffs in the above-captioned actions[1] ("Plaintiffs" or the "Italian Judgment Creditors"), having obtained civil money judgments rendered by this Court against defendant, the Republic of Argentina (the "Republic"), respectfully submit this memorandum in support of their motion pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedures ("FRCP") and Section 5225(b) of the New York Civil Practices Law and Rules ("CPLR") for an order directing garnishee Bank of New York Mellon ("BNY Mellon") to turnover to the Italian Judgment Creditors funds held on behalf of the Republic, or so much of the funds as is sufficient to satisfy the judgments and post-judgment interest.

## BACKGROUND

Almost all the moving Plaintiffs are Italian citizens who purchased bonds issued by the Republic.  Costantini Decl. ¶ 2.  Far from being so-called "vulture funds"—the group of bondholders frequently demonized by the Republic for purchasing their bonds on the secondary market—the Italian Judgment Creditors purchased their bonds at the time of issue and at par value, hoping to benefit from their investment through interest payments and, upon maturity, full repayment of principal.  *Id*. ¶ 3.  The Italian Judgment Creditors did not purchase their bonds as bets or hedges, but as "secure" investments to fund their retirements.  *Id*. ¶ 4.

In 2001, the Republic repudiated its obligations on the bonds and the Italian Judgment Creditors have not received any payments on the bonds since.[2]  *Id*. ¶ 5.  As a result, the Italian Judgment Creditors were forced to file actions against the Republic with this Court and to seek judgments against the Republic, which this Court has subsequently granted.  *Id*. ¶¶ 7-28.  Still,

---

[1] For a complete list of plaintiffs represented by Duane Morris LLP in this proceeding, see Exhibit A to the Declaration of Anthony J. Costantini ("Costantini Decl.").

[2] Plaintiffs declined to accept the exchange offers in 2005 and 2010, as was their right, since those offers would have yielded only a small percentage of their actual investments.  Costantini Decl. ¶ 6.

the Republic has steadfastly frustrated any attempt made by the Italian Judgment Creditors to collect on those judgments, choosing instead to lump the Italian Judgment Creditors in with the so-called "vulture funds" despite the dissimilarities between the two groups. *Id*. ¶ 29.

On June 26, 2014, the Republic transferred approximately $539 million (the "Funds") into a bank account owned and controlled by BNY Mellon for the purpose of making coupon payments on the Exchange Bonds that were due one June 30, 2014, even though such coupon payments were directly contrary to this Court's February 23, 2012 and November 21, 2013 Orders. *See* Costantini Decl. Exh. V at 4 and Exh. W. BNY Mellon obeyed this Court's orders and refused to pay the Exchange Holders. *Id*. Exh. V at 4-5. Thus, Argentina continues to have an interest in the funds. *Id*. at 5. BNY Mellon has made it clear to this Court that it only acts as the indenture trustee for the funds and has no independent interest in the funds as garnishee. *Id*. at 3. The Italian Judgment Creditors, on the other hand, have a clear interest in the funds as judgment creditors of the Republic. Costantini Decl. ¶¶ 8-28.

On August 6, 2014, this Court ordered that BNY Mellon retain the Funds in its bank account pending further order of this Court and barred BNY Mellon from making or allowing any transfer of the Funds to be made unless ordered by this Court. Costantini Decl. Exh. W. This Court also barred the Republic from taking any steps to interfere with BNY Mellon's retention of the Funds. *Id*.

**ARGUMENT**

**I.     THIS COURT HAS SUBJECT MATTER JURISDICTION**

The Italian Judgment Creditors seek to enforce federal money judgments entered by this Court with respect to bonds issued by the Republic and held by the Italian Judgment Creditors. Post-judgment motions, like this one, to enforce federal court judgments pursuant to N.Y. CPLR § 5225, are properly pursued in federal court under the Court's ancillary jurisdiction. *See, e.g.,*

2

*Epperson v. Entm't Express, Inc.,* 242 F.3d 100, 106 (2d Cir. 2001) ("Where the post-judgment proceeding is an effort to collect a federal court judgment, the courts have permitted judgment creditors to pursue, under the ancillary enforcement jurisdiction of the court, the assets of the judgment debtor even though the assets are found in the hands of a third party."); *see also City of New York v. Venkataram,* No. 06 Civ. 6578 (NRB), 2011 WL 2899092, at *6 n.9 (S.D.N.Y. July 13, 2011); *Cordius Trust v. Kummerfeld,* No. 99 Civ. 3200 (DLC), 2009 WL 3416235, at *7 (S.D.N.Y. Oct. 23, 2009); *Aaron v. Mattikow,* 225 F.R.D. 407, 415 (E.D.N.Y. 2004).

## II.   THIS COURT HAS PERSONAL JURISDICTION OVER BNY MELLON

When a motion for turnover is brought pursuant to FRCP 69(a) and CPLR § 5225(b), the court need only have *personal jurisdiction* over the garnishee to order turnover of property in which the judgment debtor has an interest and held by the garnishee.[3]  *See JW Oilfield Equip., LLC v. Commerzbank, AG*, 764 F. Supp. 2d 587, 592 (S.D.N.Y. 2011) ("[A] New York court with personal jurisdiction over a defendant may order [that defendant] to turn over out-of-state property regardless of whether the defendant is a judgment debtor or a garnishee") (citing *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 541, 883 N.Y.S.2d 763, 911 N.E.2d 825, 829 (N.Y. 2009) in which foreign-based assets were turned over).   Pursuant to FRCP 4(k), a federal court has personal jurisdiction over an entity "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Under N.Y. CPLR § 301, courts may exercise jurisdiction over a corporation where that corporation is "engaged in such a continuous and systematic course of 'doing business' here in [New York] as to warrant a finding of its 'presence' in this jurisdiction."  *JW Oilfield Equipment, LLC v. Commerzbank, AG*, 764 F. Supp. 2d 587, 592 (S.D.N.Y. 2011).

---

[3] Garnishee is defined as "a person other than the judgment debtor who has property in his possession or custody in which a judgment debtor has an interest."  CPLR § 105(i).

Here, BNY Mellon is a garnishee of the Republic in that the Republic has given it custody and control of $539 million by depositing the funds in BNY Mellon's bank account. Motion for Clarification at 4.  BNY Mellon has self-identified as a "New York banking corporation located in New York, New York…" in at least one previously filed action by BNY Mellon in the Southern District of New York. (*E.g.*, *The Bank of New York Mellon v. SACE S.p.A*. 10 Civ. 02510, Dkt 1).  Furthermore, other courts have recognized that BNY Mellon "is a citizen of New York" for jurisdiction purposes.  *Grede v. Bank of New York Mellon*, 598 F.3d 899, 901 (7th Cir. 2010).  And, BNY Mellon has appeared in court on two occasions to discuss the disposition of the funds.  *See* Costantini Decl. Exh. V and W.  Therefore, this Court clearly has personal jurisdiction over BNY Mellon.

### III.  PLAINTIFFS ARE ENTITLED TO A TURNOVER ORDER

FRCP 69(a) provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located…." Fed. R. Civ. P. 69(a)(1).

Here, the relevant state law procedure is found in N.Y. CPLR § 5225(b), which provides:

> Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money … in which the judgment debtor has an interest ... where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court **shall** require such person to pay the money, or so much-of it as is sufficient to satisfy the judgment, to the judgment creditor ....

N.Y. CPLR § 5225(b) (emphasis added).

Courts have long recognized that special proceedings as defined under CPLR § 5225(b) are similar to motions in federal court.  *See Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120, 122-23 (E.D.N.Y. 2010) ("A 'special proceeding' is a creature of New York practice that although brought as a distinct legal action, has more in common with motion practice than it

4

does with a plenary action."). As a result, courts in this Circuit have frequently held that parties seeking a turnover order pursuant to CPLR 5225(b) in federal court can bring a motion under FRCP 69(a), rather than instituting a special proceeding under New York state law. *See, e.g., S.E.C. v. Colonial Inv. Mngt. LLC,* No. 07 Civ. 8849, 2010 WL 4159276, at *2 (S.D.N.Y. Oct. 6, 2011); *Mitchell v. Lyons Professional Services, Inc.,* 727 F. Supp. 2d 120, 122–23 (E.D.N.Y. 2010).

Furthermore, courts have recognized the mandatory nature of CPLR § 5225(b). *See Cardew v. Gialanella*, 92 A.D.3d 1002, 937 N.Y.S.2d 709-10 (3d Dep't. 2012) (recognizing that the "dictates of CPLR 5225(b) are unequivocal"); *accord Samuels v. Samuels,* 473 N.Y.S.2d 436, 437 (1st Dep't 1984); *see also* 11 JACK. B. WEINSTEIN ET AL., NEW YORK CIVIL PRACTICE ¶ 5225.02 (2d ed.) ("Under CPLR 5225, if the judgment creditor can show that the judgment debtor is in possession of or entitled to money or property, an order to make payment or delivery should be granted. The use of the mandatory phrase 'shall order' in both CPLR 5225(a) and CPLR 5225(b) requires this construction.").

That the Republic's funds are held in BNY Mellon's bank account located outside of New York is of no moment. *See Koehler v. Bank of Bermuda Ltd.*, 883 N.Y.S2d 763, 911 N.E.2d 825, 829 (N.Y. 2009) (answering question certified by *Koehler v. Bank of Bermuda Ltd.*, 544 F.3d 78 (2d Cir. 2008)) ("CPLR article 52 contains no express territorial limitation barring the entry of a turnover order that requires a garnishee to transfer money or property into New York from another state or country .... We hold that a New York court with personal jurisdiction over a defendant may order him to turn over out-of-state property regardless of whether the defendant is a judgment debtor or a garnishee."); *see also JW Oilfield Equipment, LLC v. Commerzbank, AG*, 764 F. Supp. 2d 587, 596 (S.D.N.Y. 2011) (ordering bank to turnover

judgment debtor's funds located in foreign bank account); *Calton v. Pressler & Pressler, LLP*, 2011 WL 10901795, 2 (S.D.N.Y. 2011) (upholding restraint of out-of-state bank accounts based on decision in *Koehler*); *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 41 A.D.3d 25, 836 N.Y.S.2d 4, 5 (1st Dep't 2007) (reversing lower court's order that a turnover order cannot reach property outside New York); *Abuhamda v. Abuhamda*, 236 A.D.2d 290, 654 N.Y.S.2d 11, 11–12 (1st Dep't 1997) (holding that a New York court can order the restraint of property located in bank account held outside of New York).

Therefore, if the Italian Judgment Creditors are able to demonstrate that BNY Mellon is in possession of money in which the Republic has an interest and the Italian Judgment Creditors have an interest in the money superior to that of the transferee, the Court is required to issue a turnover order pursuant to FRCP 69(a) and CPLR § 5225(b).

In the instant matter, both the Republic and BNY Mellon have stated on numerous occasions that BNY Mellon has possession, custody and control over the Funds, which was deposited by the Republic for BNY Mellon as indenture trustee, to make coupon payments on the 2005 and 2010 Exchange Bound. *See* Costantini Decl. Exh. V at 1 and W.  As the Court is aware, the coupon payments were never made and BNY Mellon is still in possession of the funds in which the Republic clearly has an interest. *Id*. The Italian Judgment Creditors' have also demonstrated that they obtained money judgments against the Republic rendered by this Court, which the Republic has failed to satisfy. Costantini Decl. ¶¶ 8-28.  Therefore, the Italian Judgment Creditors have a claim to the Funds as judgment creditors of the Republic.  BNY Mellon, on the other hand, has clearly stated that it does not have any claim to the funds held in its account.  Costantini Decl. Exh. V at 3.  Therefore, the rights of the judgment creditors Plaintiffs are clearly superior to the right of the transferee BNY Mellon.  As a result, pursuant to

CPLR § 5225(b), the Court is required to force BNY Mellon "to pay the money, or so much of it as is sufficient to satisfy the judgment, to [the Italian Judgment Creditors]."  N.Y. CPLR § 5225(b).

## CONCLUSION

Based on the forgoing, an order should be issued directing BNY Mellon to turnover to Plaintiffs the $539 million, or so much of it as is sufficient to satisfy their judgments, plus post-judgment interest.

Dated:  New York, New York
        August 7, 2014

DUANE MORRIS LLP

*/s/ Anthony J. Costantini*
Anthony J. Costantini
E-mail:ajcostantini@duanemorris.com
Suzan Jo
E-mail:sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036
Telephone: 212-692-1000
Facsimile: 212-692-1020

*Attorneys for Plaintiffs*